**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **WASHINGTON PEARSON,** ) | |
| Petitioner, ) | |
| ) | |
| **v.** ) | **Civil Action No. 09cv11836-NG** |
| ) | |
| **STATE OF CONNECTICUT,** ) | |
| Respondent. ) | |

Gertner, D.J.:

## ORDER RE: MOTION TO DISMISS
August 17, 2010

Washington Pearson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.

§ 2241. He alleges that the State of Connecticut violated the Interstate Agreement on Detainers

("IAD"), and in so doing, he challenges his Connecticut conviction for burglary in the second

degree. Though Pearson filed this petition before he was convicted in Connecticut, recent docket

entries indicate that he entered a plea of *nolo contendere* on March 16, 2010. Document #26;

see also State v. Washington Pearson, Case No. CR05-0281421, Judicial District of New

London.

While the basis for Pearson's IAD claim is not entirely clear, he does not allege that he

has exhausted his state remedies. Prisoners must exhaust their state remedies in connection with

a state conviction before a federal court can address their claims. This rule applies whether they

bring their petitions under 28 U.S.C. § 2254 (which challenges state convictions) or § 2241

(when used to challenge state convictions).[1] 28 U.S.C. § 2254(b)(1)(A); Duckworth v. Serrano,

454 U.S. 1, 3 (1981); Higgins v. Rhode Island, 187 F.3d 622 (tbl.), 1998 WL 1085812, at *1 (1st

Cir. 1998). In general, a claim is "exhausted" only after it has been presented to the state's

---

[1] To the extent a prisoner challenges the conditions of his confinement under § 2241, he need not exhaust his state remedies.

highest court.  28 U.S.C. § 2254(c); <u>Janosky v. St. Amand</u>, 594 F.3d 39, 50 (1st Cir. 2010).

Pearson does not allege that he has brought his claim in Connecticut state court, and given that he entered his plea just a few months ago, it is unlikely that he has done so.  Since Pearson has failed to present his claim in state court, he has not exhausted his state remedies.[2]

For these reasons, **Connecticut's motion to dismiss is GRANTED.  Document #12.** Because Connecticut did not yet have any obligation to turn over discovery, **Pearson's motion for sanctions is DENIED.  Document #32.** <u>See</u> Fed. R. Civ. P. 26(a)(1)(B) (Habeas petitions are exempt from initial disclosure requirements).  **All other motions are MOOT.  Documents #9, 24, 28, 30, 34.**


**SO ORDERED.**

**Date:  August 17, 2010**                                 /s/    *Nancy Gertner*
                                                            **NANCY GERTNER, U.S.D.C.**

---

[2]To the extent that Pearson's petition can be understood as somehow challenging the conditions of his confinement, the issue is moot.  He claims that the Connecticut detainer led to a higher custody level in Massachusetts while it was pending.  But if the detainer affected his custody level before the Connecticut case was resolved, it does not do so any longer.