UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WASHINGTON PEARSON,        )<br>    Petitioner,           )<br>                                    )<br>v.                                )<br>                                    )<br>STATE OF CONNECTICUT,   )<br>    Respondent.         ) | Civil Action No. 09cv11836-NG |

Gertner, D.J.:

### AMENDED ORDER RE: MOTION TO DISMISS
August 18, 2010

Washington Pearson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that the State of Connecticut violated the Interstate Agreement on Detainers ("IAD"), and in so doing, he challenges his Connecticut conviction for burglary in the second degree. Pearson filed this petition before he was convicted in Connecticut, but recent docket entries indicate that he entered a plea of *nolo contendere* on March 16, 2010. Document #26; see also State v. Washington Pearson, Case No. CR05-0281421, Judicial District of New London.

Though Pearson has brought his claim under § 2241, since he is directly challenging his Connecticut conviction, § 2254 more appropriately governs his claim. "Prisoners in state custody are required to comply with all the requirements laid out in § 2254 whenever they wish to challenge their custodial status, no matter what statutory label the prisoner uses." Gonzales-Fuentes v. Molina, 607 F.3d 864, 876 n.9 (1st Cir. 2010). Here, this means that even though Pearson filed his petition under § 2241, he must still exhaust his state remedies as required by § 2254 before the federal court can address his claims. See Brennan v. Wall, 100 Fed. Appx. 4, 4 (1st Cir. 2004) ("[A] state prisoner in custody pursuant to the judgment of a state court may file a habeas corpus petition, as authorized by § 2241, but he is limited by § 2254."). In general, a

claim is "exhausted" only after it has been presented to the state's highest court.  28 U.S.C. § 2254(c); Janosky v. St. Amand, 594 F.3d 39, 50 (1st Cir. 2010).

While the basis for Pearson's IAD claim is not entirely clear, he does not allege that he has exhausted his state remedies.  Pearson does not claim to have brought his case in Connecticut state court, and given that he entered his plea just a few months ago, it is unlikely that he has done so.  Since Pearson has failed to present his claim in state court, he has not exhausted his state remedies.[1]

For these reasons, **Connecticut's motion to dismiss is GRANTED.  Document #12.** Because Connecticut did not yet have any obligation to turn over discovery, **Pearson's motion for sanctions is DENIED.  Document #32.**  See Fed. R. Civ. P. 26(a)(1)(B) (Habeas petitions are exempt from initial disclosure requirements).  **All other motions are MOOT.  Documents #9, 24, 28, 30, 34.**


**SO ORDERED.**

**Date:  August 18, 2010**                     */s/    Nancy Gertner*
                                                **NANCY GERTNER, U.S.D.C.**

---

[1] To the extent that Pearson's petition can be understood as somehow challenging the conditions of his confinement, the issue is moot.  He claims that the Connecticut detainer led to a higher custody level in Massachusetts while it was pending.  But if the detainer affected his custody level before the Connecticut case was resolved, it does not do so any longer.